[Cite as *State v. Reynolds*, 2012-Ohio-5153.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120241 |
| | | TRIAL NO. B-1107874 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DAMON REYNOLDS | : | |
| Defendant-Appellant. | : | |
| | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  November 7, 2012

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christine Y. Jones*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

SYLVIA SIEVE HENDON, Judge.

{¶1}   Defendant-appellant Damon Reynolds appeals the judgment of the Hamilton County Court of Common Pleas convicting him of aggravated burglary, aggravated robbery, kidnapping, with accompanying firearm specifications, and having a weapon while under a disability.  He was convicted after a bench trial.

{¶2}   At sentencing, the trial court merged the firearm specifications on each count with the three-year firearm specification on the aggravated-burglary count.  The court imposed concurrent eight-year prison terms for aggravated burglary, aggravated robbery, and kidnapping, and ordered them to run consecutively to a three-year prison term for the weapon-under-disability count and consecutively to a three-year prison term on the firearm specification.  The trial court also imposed court costs.

{¶3}   At trial, the state presented evidence that two men and a teenage boy had forced Shawnee Evans into her townhouse at gunpoint.  The two men began ransacking her home, while the boy kept an eye on Evans and acted as a lookout.

{¶4}   Evans testified that one of the men was "kind of chunky," had braids, and had a tattoo on the side of his face.  He wore a black leather coat with a blue and black skullcap.

{¶5}   The man demanded to know "where the s*** at," and pointed his gun in Evans' face.  According to Evans, the man was angry because he had not found anything other than her cellular telephone, her camera, an iPod, and other "little petty stuff."  He went back to Evans, told her to open her mouth, and shoved his gun in her mouth.  Evans felt the steel of the gun against her teeth and thought that the man was going to shoot her.  The man demanded money, but Evans had none.

{¶6} After 30 to 40 minutes, the men told Evans to go upstairs and hide her face. The men left, but soon returned to take Evans' keys. They warned her that they knew where she lived, so that they had better not see police cars in the area.

{¶7} Evans ran to a neighbor's house and waited for her mother to get home before calling the police. Evans described the men to her neighbor. The neighbor said that the chunky man with the tattooed face and braids was "Damien." According to the neighbor, she had just seen him lurking around and peeking in her back door, so she had told him to go away.

### Weight and Sufficiency of the Evidence

{¶8} In his first and second assignments of error, Reynolds challenges the weight and the sufficiency of the evidence upon which his convictions were based. In a challenge to the sufficiency of the evidence, the question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In reviewing a challenge to the weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. *Id.*

{¶9} Reynolds' main contention is simply that Evans was not a credible witness. He points out that Evans testified at trial that she had told the police that her attacker had been "like five-seven," when he is "much taller." (In closing argument, defense counsel stated that Reynolds was six feet tall.) Reynolds also contends that Evans' identification of

him was not credible because the only photograph that the police had shown her of a possible suspect was his own.

{¶10} In this case, the convictions were in accordance with the evidence. The record demonstrates that Evans had identified Reynolds in the courtroom during the trial. Her testimony revealed that she had had ample opportunity to see what Reynolds looked like during the 30-to-40 minute ordeal in her home. Within an hour of the incident, a still rattled Evans had described to police that one of her attackers was a black man, "around six foot," who wore braids, and had tattoos on his face. And within 30 minutes of interviewing Evans, an officer had connected the unique description of a tattoo-faced, chunky, black man with braided hair named Damon with information about other neighborhood characters, and had located Reynolds' mugshot. When the officer showed Reynolds' photograph to Evans, she identified him without hesitation. This is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). We conclude that the trier of fact neither lost its way nor created a miscarriage of justice in convicting Reynolds. We overrule the first and second assignments of error.

### *Notification of Community Service*

{¶11} In his third assignment of error, Reynolds argues that the trial court erred by imposing court costs without notifying him, pursuant to R.C. 2947.23, of the possibility that the court could order him to perform community service should he fail to pay the costs. The state concedes that he is correct. And the Ohio Supreme Court has recently held that a sentencing court's failure to provide the community-service notification pursuant to R.C. 2947.23(A)(1) is ripe for review on direct appeal from the sentence, regardless of whether

the offender has failed to pay costs. *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423. Accordingly, we sustain the third assignment of error. We vacate the imposition of costs and remand the matter to the trial court to properly notify Reynolds as required under R.C. 2947.23(A)(1). *State v. Dillard*, 1st Dist. No. C-120058, 2012-Ohio-4018.

### *Sentencing*

{¶12} In his fourth assignment of error, Reynolds argues that his aggregate sentence was excessive. He concedes that each prison term imposed was within the sentencing range specified by statute and was not contrary to law. Thus, we must review the sentence to determine if the trial court abused its discretion. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 9.

{¶13} The trial court considered the seriousness of the offenses and the likelihood of recidivism. The court noted that Reynolds had been convicted of robbery with a firearm specification in 2008, and that he had served a prison term. Reynolds had been out of prison less than a year when he committed the offenses in this case. And at the time of the offenses, Reynolds had been under the supervision of the Adult Parole Authority. Under these circumstances, the trial court's sentence was justified. We overrule the fourth assignment of error.

### *Conclusion*

{¶14} Therefore, we vacate the imposition of costs and remand the matter to the trial court to properly notify Reynolds as required under R.C. 2947.23(A)(1). In all other respects, the judgment of the trial court is affirmed.

Affirmed in part, reversed in part, and cause remanded.

SUNDERMANN, **P.J.,** and CUNNINGHAM, **J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.