[Cite as *State v. Valdez*, 2012-Ohio-5754.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110646 |
| | | TRIAL NO. B-1008425 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| DAMIAN VALDEZ, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Sentences Vacated and Cause Remanded

Date of Judgment Entry on Appeal: December 7, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Thomas Hodges,* for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}    Defendant-appellant Damian Valdez appeals the judgment of the Hamilton County Court of Common Pleas convicting him of five counts of aggravated robbery with four firearm specifications.

{¶2}    Valdez entered guilty pleas to the offenses and specifications.  The trial court sentenced him to five consecutive four-year terms of imprisonment for aggravated robbery and to four consecutive one-year terms for the specifications for an aggregate sentence of 24 years' incarceration

{¶3}    In a single assignment of error, Valdez argues that the trial court did not make the requisite findings to support the imposition of consecutive sentences.

{¶4}    A reviewing court must first determine whether the sentence was clearly and convincingly contrary to law.  *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14.  If the sentence was not contrary to law, the appellate court then reviews the sentence under an abuse-of-discretion standard.  *Id.* at ¶ 17.

{¶5}    The General Assembly has revived the requirement that the sentencing court make certain findings before imposing consecutive sentences. Under R.C. 2929.14(C)(4), the court must first find that consecutive sentences are necessary to protect the public or to punish the offender.  Second, the court must find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public.  Finally, the court must find that at least one of the following applies: (1) that the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18, or while under postrelease control

for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (3) that the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See State v. Alexander,* 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 15.

{¶6} Our determination of whether the trial court complied with the mandates of R.C. 2929.14(C)(4) in imposing consecutive sentences is subject to review under the first prong of the *Kalish* test and under R.C. 2953.08(G)(2). *Id.* at ¶ 14.

{¶7} In this case, the trial court did not comply with R.C. 2929.14(C)(4). The court made reference to Valdez's criminal record, but it did not make any of the requisite findings to support the imposition of consecutive sentences. And while the circumstances of the case would certainly justify the sentence that the trial court imposed, we must sustain the assignment of error.

{¶8} The sentences are vacated, and the cause is remanded to the trial court for resentencing.

Sentences vacated and cause remanded.

**HENDON** and **DINKELACKER, JJ.,** concur.

Please note:
 The court has recorded its own entry this date.