[Cite as *State v. Cowins*, 2013-Ohio-277.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| STATE OF OHIO, | : | APPEAL NO. C-120191 |
| | | TRIAL NO. B-1103580 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| DONALD COWINS, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause
Remanded

Date of Judgment Entry on Appeal: February 1, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,*
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Wendy R. Calaway,* for Defendant-Appellant.


Please note: this case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge**.

{¶1} Following a bench trial, defendant-appellant Donald Cowins appeals from the convictions and sentences imposed for his brutal attack on Amber Bardoff and her boyfriend Barry Motley. Cowins attempted to rob each at gunpoint, restrained Motley, again at gunpoint, and then moved Bardoff to a secluded spot and raped her orally and vaginally. Because the trial court imposed consecutive sentences for the two rape offenses without making the statutorily required findings, we must vacate those two sentences and remand the case for resentencing on those two offenses only. We affirm the trial court's judgment in all other respects.

{¶2} In the early hours of June 1, 2011, Bardoff and Motley were walking near the corner of Elm and Henry Streets in Cincinnati. Cowins, riding a bicycle, approached the companions. He dismounted, walked toward the two, and brandished a handgun. Cowins pointed the weapon at Motley's head and demanded money from both. Neither had any cash. Cowins then ordered Motley to sit and instructed him that he would kill Bardoff if Motley moved. Cowins marched Bardoff across the street and around the corner of a building. He ordered her to disrobe. After putting on a condom, Cowins told Bardoff to perform fellatio. Then he ordered her to lie on her stomach and raped her.

{¶3} Police cars patrolling nearby frightened Cowins and he attempted to move Bardoff to another location to continue the attack. But he ultimately fled on his bicycle, leaving a condom wrapper and his cellular telephone at the scene of the attack. Cowins, now shirtless, was arrested soon after fleeing. His discarded bicycle, handgun, black skull cap, and white tank top were found nearby. As police officers secured a perimeter around the crime scene, Motley and Bardoff approached two officers and described what had happened.

{¶4} At the conclusion of the trial, the court found Cowins guilty of each of the nine counts alleged in the indictment. After a sentencing hearing, the trial court imposed

consecutive sentences of imprisonment for the aggravated robbery, oral rape, and vaginal rape of Bardoff, and the accompanying firearm specifications, as alleged in Counts 1, 5, and 6 of the indictment. The aggregate sentence was 22 years. The trial court also entered convictions for the aggravated robbery of Motley, the kidnapping of Bardoff, the kidnapping of Motley, and an additional firearm offense, as alleged in Counts 3, 7, 8, and 9 of the indictment. The court ordered the sentences for these offenses to be served concurrently with the other prison terms.

## I. Confrontation Clause Issues

{¶5} For clarity, we will address Cowins' assignments of error in temporal order. In his second assignment of error, Cowins argues the trial court erred in admitting hearsay testimony in three instances by permitting Cincinnati police Officers Henrietta Hall and Rose Valentino to recount Motley's and Bardoff's out-of-court statements made at the crime scene, and by permitting police Detective Iris Kelly to testify that Bardoff had identified Cowins as the perpetrator in a pretrial photo line-up. Cowins argues that permitting the officers to testify violated his constitutional right to confront the witnesses against him. He further argues that Bardoff's statements to Officers Hall and Valentino were not excited utterances and thus were excludable hearsay. The assignment of error is not well-taken.

{¶6} The Sixth Amendment to the United States Constitution states, "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]" Thus the Confrontation Clause bars the "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

{¶7} The threshold inquiry is whether the challenged out-of-court statements were testimonial in nature and needed to be tested by confrontation. *See State v. Lewis*, 1st Dist. Nos. C-050989 and C-060010, 2007-Ohio-1485, ¶ 30. Statements are

"testimonial when the circumstances objectively indicate that there is no * * * ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006); *see State v. Stahl*, 111 Ohio St.3d 186, 2006-Ohio-5482, 855 N.E.2d 834, paragraph one of the syllabus. But the Confrontation Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. *E.g., Lewis* at ¶ 41.

{¶8}    We note Cowins did not object to the admission of any of the challenged statements. Thus, absent plain error in the trial court's admission of the testimony, this issue has been waived. *See* Evid.R. 103(A)(1) and 103(D); Crim.R. 52(B). An error rises to the level of plain error only where it is both obvious and outcome-determinative. *See Lewis* at ¶ 39.

{¶9}    Moreover, violations of the Confrontation Clause, even if preserved for appellate review, are subject to a harmless-error analysis. *See State v. Hood*, _ Ohio St.3d _, 2012-Ohio-6208, _ N.E.2d _, ¶ 43; *see also State v. Nix*, 1st Dist. No. C-030696, 2004-Ohio-5502, ¶ 78 (applying both plain-error and harmless-error analysis); *State v. Hart*, 1st Dist. No. C-060686, 2007-Ohio-5740, ¶ 37. " 'Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of [the] defendant's guilt.' " *Hood* at ¶ 43, quoting *State v. Williams*, 6 Ohio St.3d 281, 452 N.E.2d 1323 (1983), paragraph six of the syllabus.

{¶10}   The already high threshold of prejudice that Cowins must surmount is raised even higher by the fact that this case was tried to an experienced trial judge, sitting as the trier of fact. When this court reviews a bench trial in a criminal case, we presume that the "court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." *State v. White*, 15 Ohio St.2d 146, 151, 239 N.E.2d 65 (1968).

{¶11} Cowins first argues that the trial court erred in admitting Officer Hall's testimony that Motley had approached her near the scene of the crime and had described how the perpetrator had asked for money at gunpoint, had led Bardoff away at gunpoint, and had raped her. Since Motley did not testify at trial and was never subject to cross-examination, Cowins asserts that the admission of his testimonial statements to the police was error.

{¶12} The state argues only that Officer Hall's testimony was offered not for its truth but rather to describe the process of the investigation and how the officers came to be in the area establishing a perimeter. Appellee's Brief at 10; *see Lewis*, 2007-Ohio-1485, at ¶ 41. That rationale is undermined by Officer Hall's earlier testimony that she had received a radio broadcast ordering her to establish a perimeter around the crime scene. The broadcast had also informed her that she was to be on the lookout for the armed perpetrator of a rape, a black male wearing a white tank top and riding a bicycle.

{¶13} But the admission of Motley's testimonial statements through Officer Hall constituted harmless error. The evidence of Cowins' guilt was overwhelming and Motley's offending testimony was merely cumulative of other admissible evidence. Bardoff had recounted nearly identical facts to Officer Valentino moments after Motley spoke with Officer Hall. Unlike Motley, Bardoff testified at trial and was subject to cross-examination. Thus the Confrontation Clause placed no constraint on the use of her prior testimonial statements. *See State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 113; *see also State v. Rucker*, 1st Dist. No. C-110082, 2012-Ohio-185, ¶ 37. And Bardoff's statement was otherwise admissible under the excited-utterance exception to the hearsay rule. *See* Evid.R. 803(2). Both Officer Hall and Officer Valentino had described Bardoff as being visibly scared, excited, and in shock. Her statements to police moments after being raped at gunpoint were made under such circumstances as would reasonably show they resulted from impulse rather than reason and reflection. *See State v. Lukacs*, 188 Ohio App.3d 597, 2010-Ohio-2364, 936 N.E.2d 506, ¶ 21 and 28 (1st Dist.).

{¶14} In light of Bardoff's in-court identification of Cowins as the perpetrator, her statements to Officer Valentino moments after the rape, her identification of Cowins in a photo line-up, and the ample physical evidence linking Cowins to the crime, including his DNA being found on the recovered handgun, black skull cap, and white tank top, we cannot find that the admission of Motley's statement to Officer Hall contributed to Cowins' conviction. Its admission was harmless beyond a reasonable doubt.

{¶15} Cowins next argues that the trial court erred in permitting Detective Kelly to testify at trial that Motley had identified Cowins as his assailant from a photo line-up, and that Motley, in selecting Cowins' photograph, had said, "That's my man." *See State v. Ray*, 189 Ohio App.3d 292, 2010-Ohio-2348, 938 N.E.2d 378, ¶ 36 (8th Dist.) (photo-line-up identification made in the course of a police investigation, when there was no emergency, is testimonial and, thus, subject to the Confrontation Clause).

{¶16} The state argues that any error in the admission of Motley's identification and statement was harmless in light of the other, overwhelming evidence of guilt. We agree. In addition to the other evidence of guilt, Bardoff identified Cowins from the same photo line-up. Since Bardoff testified at trial and was available for cross-examination about the lineup and its reliability, Cowins cannot demonstrate any reversible prejudice flowing from Detective Kelly's testimony. The second assignment of error is overruled.

{¶17} Cowins further claims, under his fourth assignment of error, that he was denied the constitutionally guaranteed effective assistance of counsel by his trial counsel's failure to object to the admission of the challenged hearsay and Confrontation Clause testimony.

{¶18} To prevail on a claim of ineffective assistance of trial counsel, an appellant must show, first, that trial counsel's performance was deficient and, second, that the deficient performance was so prejudicial that he was denied a reliable and fundamentally fair proceeding. *See Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *see also Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. A reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See State v. Mason*, 82 Ohio St.3d 144, 157-158, 694 N.E.2d 932 (1998).

{¶19}    In light of our resolution of the second assignment of error, we hold that Cowins cannot demonstrate prejudice flowing from the admission of the testimony sufficient to mandate a reversal of his convictions. *See Fretwell, supra.* The fourth assignment of error is overruled.

## II. Sufficiency and Weight-of-the-Evidence Claims

{¶20}    In his first assignment of error, Cowins challenges the weight and sufficiency of the evidence adduced at trial to support his convictions. Since Motley did not testify at trial, Cowins argues that there was little evidence to support his convictions for the aggravated robbery and kidnapping of Motley.

{¶21}    But the state presented ample evidence to support the convictions. The state introduced testimonial evidence tying Cowins to the attack on Bardoff and Motley. Bardoff testified at trial and identified Cowins as the perpetrator. She testified that Cowins had approached Bardoff and Motley on the street, had sought money from each at gunpoint, had threatened Motley, and had raped Bardoff orally and vaginally. She had recounted similar facts to Officer Valentino moments after the rape. And she had identified Cowins as the perpetrator in a photo line-up. The testimony of the investigating officers and the other witnesses to the attack and to Cowins' flight afterward corroborated her testimony. The state also produced ample physical evidence linking Cowins to the crime. His DNA was found on the handgun recovered near the site of Cowins' capture, and on the black skull cap and white tank top witnesses said Cowins had been wearing.

And Bardoff and Motley had given Officer Valentino the cellular telephone and condom wrapper that Cowins had left at the scene of the rape.

**{¶22}** While there were inconsistencies in some witnesses' testimony, the weight to be given the evidence and the credibility of the witnesses were for the trial court, acting as the trier of fact, to determine in resolving conflicts and limitations in the testimony. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Our review of the entire record fails to persuade us that the trial court, acting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The trial court was entitled to reject Cowins' theory that the state had failed to adduce anything more than circumstantial evidence and hearsay testimony to prove he had committed the charged offenses.

**{¶23}** The test for the sufficiency of the evidence required to sustain a conviction is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 36; *see also Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses, as both are functions reserved for the trier of fact. *See State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, 968 N.E.2d 27, ¶ 25 (1st Dist.).

**{¶24}** As the record reflects substantial, credible evidence from which the trial court could have reasonably concluded that all the elements of the charged crimes had

been proved beyond a reasonable doubt, including that Cowins had robbed and kidnapped Motley with a firearm, the assignment of error is overruled.

### III. Sentencing Error

{¶25}     In his third assignment of error, Cowins argues that his convictions for (1) the aggravated robbery and kidnapping of Motley as charged in Counts 3 and 8, (2) the rape and kidnapping of Bardoff as charged in Counts 5, 6, and 7, and (3) the oral and vaginal rape of Bardoff as charged in Counts 5 and 6 were allied offenses of similar import subject to merger.  Therefore, he contends, the trial court denied him the protections of R.C. 2941.25, Ohio's multiple-count statute, by convicting him of each offense and imposing multiple sentences of incarceration.

{¶26}     Since Cowins has appealed only from the sentences imposed for the offenses charged in Counts 3, 5, 6, 7, and 8, we limit our review to errors affecting those sentences.  *See* App.R. 12(A); *see also* R.C. 2953.08(G)(2); *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus ("An appellate court may * * * vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence.").

{¶27}     Under R.C. 2941.25, if a defendant's conduct results in the commission of allied offenses of similar import subject to merger, the defendant may ordinarily be convicted of only one of the offenses.  But if the defendant commits each offense with a separate animus, then convictions may be entered for all the offenses.  *See* R.C. 2941.25(B); *see also State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 51.

{¶28}     Cowins first contends that his convictions for the aggravated robbery and kidnapping of Motley are allied offenses that must be merged.  We disagree.

{¶29}     The commission of aggravated robbery necessarily entails the restraint of the victim for a brief time.  *See State v. Jenkins*, 15 Ohio St.3d 164, 198, 473 N.E.2d 264

(1984), fn. 29 ("kidnapping is implicit within every aggravated robbery"); *see also State v. Anderson*, 1st Dist. No. C-110029, 2012-Ohio-3347, ¶ 25. But where the restraint is prolonged, the confinement is secretive, or the movement or restraint is so substantial as to demonstrate a significance independent of the robbery, there exists a separate animus to support the kidnapping conviction. *See State v. Logan,* 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979), syllabus.

{¶30} Based on the evidence adduced at trial, we are satisfied that Cowins committed aggravated robbery and kidnapping with a separate animus. After attempting to rob Motley at gunpoint, Cowins ordered him to stay seated on the sidewalk so that he could rape Bardoff. Cowins restrained Motley of his liberty by threatening to kill Bardoff if he moved. The kidnapping was not merely incidental to the aggravated robbery. Rather it had a significance independent of the robbery—to effect the rape of Bardoff and to prevent Motley from fleeing, summoning assistance, or aiding his companion. *See State v. Chaffer*, 1st Dist. No. C-090602, 2010-Ohio-4471, ¶ 15.

{¶31} Because Cowins committed these offenses with a separate animus for each offense, the trial court properly convicted and sentenced him for aggravated robbery and the kidnapping of Motley. The trial court did not err in entering multiple convictions for these offenses. *See* Crim.R. 52(B).

{¶32} Cowins next asserts that his convictions for both the oral and vaginal rape of Bardoff, as charged in Counts 5 and 6, were based upon the same course of conduct, occurring at the same time to the same victim. And he argues that the rapes and kidnapping of Bardoff, charged in Counts 5, 6, and 7, were a single act, committed with a single animus. Thus, he argues, the trial court denied him the protections of the multiple-count statute by sentencing him for the offenses.

{¶33} Contrary to Cowins' arguments, this court has previously found that distinct and different kinds of sexual activity resulting in rape, charged under the same statutory section, can be separate offenses for purposes of merger under R.C. 2941.25.

*E.g., State v. Strong*, 1st Dist. Nos. C-100484 and C-100486, 2011-Ohio-4947, ¶ 71 (rape by vaginal intercourse and rape by digital penetration committed in the same sexual encounter separately punishable). And we have repeatedly held that moving a rape victim, under threat of violence, to a place of concealment like an alleyway to effect a rape evinces a significance independent of the rape sufficient to support multiple punishments for rape and kidnapping. *E.g., State v. Garrett*, 1st Dist. No. C-090592, 2011-Ohio-5431, ¶ 52.

{¶34} But we do not reach these issues now because we must vacate the sentences imposed for the two rape offenses on other grounds. Although neither party raised the issue, Cowins was sentenced five months after the September 30, 2011, effective date of 2011 Am.Sub.H.B. No. 86 ("H.B. 86"). Therefore, he should have been sentenced under its provisions. *See State v. Jones,* 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 14-16; *see also State v. Erkins*, 1st Dist. No. C-110675, 2012-Ohio-5372, ¶ 54.

{¶35} The enactment of H.B. No. 86 revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C)(4). *See State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 13, citing *Jones* at ¶ 17. While the sentencing court is not required to use "talismanic words," it must be clear from the record that the trial court actually made the statutorily required findings. *See Alexander* at ¶ 16; *see also State v. Lebron*, 2012-Ohio-4156, 976 N.E.2d 945, ¶ 11 (8th Dist.).

{¶36} Here, although the trial court imposed consecutive sentences for the two rape offenses, it failed to make the statutory findings either in a sentencing-findings worksheet or in its sentencing colloquy. At the sentencing hearing, the trial court merely recited Cowins' convictions and the sentence for each offense. Thus the sentences imposed for the two rape offenses were contrary to law, and we must vacate those two sentences. *See Alexander* at ¶ 14; *see also Erkins* at ¶ 57; *State v. Valdez*, 1st Dist. No. C-110646, 2012-Ohio-5754, ¶ 7. The sentence imposed under Count 8, for the kidnapping of

Bardoff, was to be served concurrently and thus did not require scrutiny under R.C. 2929.14(C)(4). The third assignment of error is overruled in part, and sustained in part.

{¶37}    Therefore, we vacate the sentences imposed under Counts 5 and 6, and remand the case to the trial court for it to consider whether consecutive sentences for those two rape offenses are appropriate under R.C. 2929.14(C) and 2941.25, and, if so, to make the proper findings on the record. In all other respects we affirm the trial court's judgment.

Judgment accordingly.

**SUNDERMANN, P.J.,** and **HENDON, J.,** concur.

J. HOWARD SUNDERMANN, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.