[Cite as *State v. Chapman*, 2013-Ohio-2161.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120645 |
| | | C-120646 |
| Plaintiff-Appellee, | : | C-120647 |
| | | C-120648 |
| vs. | : | TRIAL NOS. B-0908369 |
| | | B-1203640 |
| THOMAS CHAPMAN, | : | B-0906780 |
| | | B-0906517-B |
| Defendant-Appellant. | : | |

*O P I N I O N.*

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  May 29, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Thomas Hodges*, for Defendant-Appellant.

Please note:  these consolidated cases have been removed from the accelerated calendar.

CUNNINGHAM, **Judge.**

{¶1}    Raising a single assignment of error, defendant-appellant Thomas Chapman contends that the trial court erred by imposing consecutive prison terms without making the required statutory findings.  We agree.

{¶2}    Chapman was convicted in three separate trial court cases for burglary and drug-possession offenses committed in 2009.  Though each offense was punishable as a felony, his sentences included community-control sanctions and, in one instance, judicial release from imprisonment and the subsequent imposition of community control.  In 2012, Chapman was caught entering the River City drug-treatment facility in possession of a small amount of heroin.  He entered a plea of guilty to heroin possession and to illegally conveying drugs into River City.  The trial court imposed periods of incarceration for these two offenses.  It also revoked the community-control sanctions in the other three cases and imposed sentences of incarceration in each case.  The court ordered each prison term to be served consecutively.  The aggregate prison term was 19 years.  Chapman appealed.

{¶3}    The General Assembly has revived the requirement that a trial court make certain findings before imposing consecutive sentences.  *See State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 17.  The court must engage in a three-step analysis and make certain findings before imposing consecutive sentences under R.C. 2929.14(C)(4).  *See State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio- 3349, ¶ 13 and 16.

{¶4}    The court must find that consecutive sentences are necessary to protect the public or to punish the offender.  The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public.  Finally, the court must find that at least one of the following applies: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18, or while under postrelease control for a prior offense;

(2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See Alexander* at ¶ 15. A trial court satisfies these statutory requirements when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See id.* at ¶ 16.

{¶5} To support the imposition of consecutive sentences, it must be clear from the record that the trial court actually made the statutorily required findings. *See id.* Consecutive sentences imposed without the statutory findings are clearly and convincingly contrary to law and must be vacated. *See State v. Cowins*, 1st Dist. No. C-120191, 2013-Ohio-277, ¶ 36; *see also State v. Erkins*, 1st Dist. No. C-110675, 2012-Ohio-5372, ¶ 57; *State v. Valdez*, 1st Dist. No. C-110646, 2012-Ohio-5754, ¶ 7; *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14.

{¶6} As the state concedes, it is clear that the trial court did not comply with R.C. 2929.14(C)(4). Although the trial court imposed consecutive sentences, it failed to make the statutory findings either in a sentencing-findings worksheet or in its sentencing colloquy. At the sentencing hearing, after making general statements about Chapman's failed attempts at rehabilitation, the trial court merely recited Chapman's convictions and the sentence for each offense. The assignment of error is sustained.

{¶7} Therefore, we vacate those parts of the trial court's judgments that ordered the several sentences to be served consecutively. The cases are remanded to the trial court for it to resentence Chapman. The trial court shall consider whether

consecutive sentences are appropriate under R.C. 2929.14(C), and, if so, it shall make the proper findings in the record. In all other respects, we affirm the trial court's judgments.

Judgment accordingly.

**DINKELACKER** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.