[Cite as *State v. Harris*, 2013-Ohio-2721.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120531 |
| | | TRIAL NOS. B-0705705 |
| Plaintiff-Appellee, | : | B-0802251 |
| | | B-1006851B |
| vs. | : | |
| | | *O P I N I O N.* |
| DARIUS HARRIS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  June 28, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}   Defendant-appellant Darius Harris was originally convicted in three separate cases of one count of escape under R.C. 2921.34(A) and two one counts of trafficking in cocaine under R.C. 2925.03(A)(1).  He was sentenced to serve a term of community control in each case.

{¶2}   Subsequently, Harris pleaded guilty to violating the terms of his community control.  The trial court sentenced him to one year of imprisonment in each case.  It ordered the sentences in the cases numbered B-0705705 and B-1006851B to be served consecutively to each other.  It ordered the sentence in the case numbered B-0802251 to be served concurrently to the other two sentences for a total of two years' imprisonment.  This appeal followed.

### I.   Consecutive Sentences

{¶3}   Harris presents two assignments of error for review.  In his first assignment of error, he contends that the consecutive sentences are contrary to law.  He argues that the trial court failed to make the findings required by R.C. 2929.14(C). This assignment of error is well taken.

{¶4}   Following a community-control violation, a trial court conducts a new sentencing hearing at which it sentences the offender anew.  At that hearing, it must comply with the relevant sentencing statutes.  *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17; *State v. Baccus*, 1st Dist. No. C-040028, 2005-Ohio-3704, ¶ 11.

{¶5}   The General Assembly has revived the requirement that a trial court make certain findings before imposing consecutive sentences.  *State v. Chapman*, 1st Dist. Nos. C-120645, C-120646, C-120647 and C-120648, 2013-Ohio-2161, ¶ 3; *State*

*v. Erkins*, 1st Dist. No. C-110675, 2012-Ohio-5372, ¶ 56. R.C. 2929.14(C) now requires the court to engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Chapman* at ¶ 3. While the court need not use "talismanic words," it must be clear from the record that the trial court actually made the findings required by the statute. *Erkins* at ¶ 56.

{¶6} In this case, the record does not show that the court made the required findings before imposing consecutive sentences. Consequently, the sentences in the cases numbered B-0705705 and B-1006851B are contrary to law and must be vacated. *See Chapman* at ¶ 5; *Erkins* at ¶ 57. We sustain Harris's first assignment of error. We vacate the sentences imposed in those cases, and remand this cause to the trial court for resentencing.

## II. Community-Service Notification

{¶7} In his second assignment of error, Harris contends that the sentences in all three cases are contrary to law. He argues that the trial court failed to inform him that court costs may be paid through community service as required by R.C. 2947.23(A). This assignment of error is well taken.

{¶8} The Ohio Supreme Court has held that a sentencing court's failure to notify the defendant of the possibility that it could order the defendant to perform community service in lieu of paying court costs as required by R.C. 2947.23(A) is ripe for review on direct appeal regardless of whether the defendant has failed to pay the costs. *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, syllabus; *State v. Reynolds*, 1st Dist. No. C-120241, 2012-Ohio-5153, ¶ 11. The proper remedy for a trial court's failure to comply with R.C. 2947.23(A) when imposing costs is to vacate the imposition of costs and remand the case for proper community-service notification. *State v. Dillard*, 1st Dist. No. C-120058, 2012-Ohio-4018, ¶ 8.

{¶9}    The trial court imposed court costs in all three cases without notifying Harris of the possibility of community service in lieu of paying costs.  Therefore, we sustain his second assignment of error.  We vacate that portion of the trial court's judgments imposing court costs in all three cases, and we remand the cause to the trial court to properly notify Harris as required by R.C. 2947.23(A) when imposing costs.

### III.   Summary

{¶10}    In sum, we vacate the sentences in the cases numbered B-0705705 and B-1006851B, and remand the cause to the trial court for resentencing so that the trial court can make the proper findings justifying the imposition of consecutive sentences.  We vacate the imposition of costs in all three cases, and remand the cause to the trial court so that it can notify Harris that he may be ordered to serve community service in lieu of paying costs.  We affirm the trial court's judgments in all other respects.

Affirmed in part, sentences vacated in part, and cause remanded.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.

Please note:
        The court has recorded its own entry this date.