[Cite as *State v. Bohannon*, 2013-Ohio-5101.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130014 |
| | | TRIAL NO. B-0906619 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JEREMY BOHANNON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: November 20, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Att0rney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Madden & Oswall Co., L.P.A.*, and *William F. Oswall, Jr.*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}   Defendant-appellant Jeremy Bohannon appeals from a decision of the Hamilton County Court of Common Pleas revoking his community control and sentencing him to 30 months' imprisonment.  We find merit in one of his two assignments of error, and we remand the cause to the trial court to notify Bohannon about postrelease control.

## I.   Procedural Background

{¶2}   Bohannon was originally convicted of one count of having weapons while under a disability under R.C. 2923.13(A)(3), a third-degree felony.  The trial court sentenced him to three years of community control.  It informed him that he would be sentenced to five years in prison if he violated the terms of his community control.

{¶3}   Subsequently, Bohannon was charged with violating the terms of his community control after he (1) failed to provide a sample for a drug screen, (2) left the state of Ohio without permission and was arrested for drug trafficking and possession in Kentucky, (3) failed to report for a scheduled office visit, and (4) failed to make payments toward his court costs and fees.  Bohannon pleaded guilty, and the court sentenced him to serve 30 months in prison.  This appeal followed.

## II.   Grounds for Mitigation

{¶4}   In his first assignment of error, Bohannon contends that the trial court erred in imposing a sentence "that is not supported by the findings in the record."  He argues that the court failed to consider the existence of substantial grounds to mitigate his conduct under R.C. 2929.12(C)(4), and, therefore, it was

unable to properly address the purposes and principles of felony sentencing. This assignment of error is not well taken.

{¶5} Following a community-control violation, a trial court sentences the offender anew, and it must comply with the relevant sentencing statutes. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17; *State v. Harris*, 1st Dist. Hamilton No. C-120531, 2013-Ohio-2721, ¶ 4. Before a reviewing court can modify or vacate a felony sentence, it must clearly and convincingly find that the sentence is contrary to law or that the record does not support the sentencing court's findings. R.C. 2953.08(G)(2); *State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, ¶ 11.

{¶6} In this case, the sentence imposed by the trial court was within the statutory range for a third-degree felony. R.C. 2929.14(A)(3). At the original sentencing hearing, the trial court informed Bohannon that it would terminate his community control for the "slightest infraction" and that it would sentence him to five years in prison for any violation. The sentence the court actually imposed was only half as long as it had originally promised.

{¶7} The court did not specifically state that it was considering the grounds for mitigation. But R.C. 2929.12(C)(4) does not require the court to make findings on the record. *State v. Morris*, 3d Dist. Hardin No. 6-12-17, 2013-Ohio-1736, ¶ 12. While a trial court is required to consider the purposes and principles of sentencing and the various factors under R.C. 2929.11 and 2929.12, it need not make specific findings. We can presume from a silent record that the trial court considered the appropriate factors unless the defendant affirmatively shows that the court has failed to do so. *State v. Brown*, 1st Dist. Hamilton No. C-120327, 2013-Ohio-2720, ¶ 46.

{¶8}     Though the trial court told Bohannon that it was going to send him to prison for the community-control violation as it had previously stated it would, the court listened extensively to Bohannon and considered what he had to say.  It gave him the choice of proceeding to sentencing that day or continuing the matter so that he could consult an attorney.  Bohannon stated that he wanted to "get it over with" that day.

{¶9}     Bohannon has not shown that that the trial court failed to consider whether substantial grounds existed to mitigate his conduct.  On the record before us, we cannot say that Bohannon's sentence was clearly and convincingly contrary to law, and we overrule his first assignment of error.  *See White*, 2013-Ohio-4225, at ¶ 12-14.

### III. Postrelease Control

{¶10}   In his second assignment of error, Bohannon contends that the trial court erred in failing to notify him about post-release control at the sentencing hearing.  We agree.  Though the judgment entry states that Bohannon would be subject to postrelease control, the court did not inform him about postrelease control at the sentencing hearing.

{¶11}   R.C. 2929.19(B) requires the sentencing court to notify the offender at the sentencing hearing that the offender may be subject to postrelease control.  *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus; *State v. Cooper*, 1st Dist. Hamilton Nos. C-110027 and C-110028, 2012-Ohio-555, ¶ 27.  When a sentencing court fails to advise an offender about postrelease control at the sentencing hearing, the trial court violates its statutory duty, and that part of the offender's sentence related to

postrelease control is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *Cooper* at ¶ 28.

{¶12}   Bohannon contends that this court should remand the matter for resentencing. But because Bohannon's sentence was imposed after July 11, 2006, the effective date of R.C. 2929.191, the trial court is not authorized to conduct a de novo resentencing. Instead, it should apply the procedures set forth in R.C. 2929.191 to correct the postrelease-control sentencing error. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus; *State v. Brown*, 1st Dist. Hamilton Nos. C-100309 and C-100310, 2011-Ohio-1029, ¶ 8.

{¶13}   Those procedures contemplate only a correction of the postrelease-control defect and not a de novo resentencing. *Brown* at ¶ 28. The doctrine of "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at paragraph three of the syllabus.

{¶14}   Consequently, we hold that Bohannon's sentence is void to the extent that the trial court failed to properly notify him about postrelease control. We sustain his second assignment of error, vacate the portion of the sentence relating to postrelease control and remand the matter for a new hearing where the trial court can properly inform him of his postrelease-control obligations. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**CUNNINGHAM, P.J.,** and **DEWINE, J.,** concur.

Please note:

    The court has recorded its own entry this date.