[Cite as *State v. Haddon*, 2014-Ohio-818.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99686

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DWAYNE HADDON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-525980

**BEFORE:** Boyle, A.J., Jones, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   March 6, 2014

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
1370 Ontario Street
2000 Standard Building
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Brian R. Radigan
        Mary H. McGrath
        Amy Venesile
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} After this court granted a motion for delayed appeal to defendant-appellant, Dwayne Haddon, he appeals from a trial court judgment sentencing him on April 14, 2010, to six years in prison for violating the terms of his community control sanctions. He raises one assignment of error for our review:

I. The trial court erred when it imposed sentence at the April 14, 2010 probation violation hearing without consideration of the Ohio Revised Code's Section 2929 factors in derogation of statutory law and the appellant's due process rights.

{¶2} Finding no merit to his appeal, we affirm.

## Procedural History

{¶3} Haddon was indicted on two counts of kidnapping and one count of felonious assault in July 2009. In September of that same year, he pleaded guilty to felonious assault, a felony of the second degree. The kidnapping charges were nolled by the trial court.

{¶4} The trial court sentenced Haddon in October 2009 to five years of community control sanctions. As part of Haddon's community control sanctions, the trial court ordered that Haddon complete an inpatient drug treatment program. The trial court also told Haddon to stay away from the victim. At his sentencing hearing, the trial court warned Haddon that if he violated the terms of his community control sanctions, that it would sentence him to eight years in prison.

{¶5} On April 14, 2010, the trial court held a probation violation hearing.

Haddon's probation officer explained to the court that Haddon tested positive for cocaine on March 2, 2010. The probation officer also reminded the court that he and Haddon were before the court "on February 3, 2010 on a violation hearing after [Haddon] had complications with his inpatient treatment, and at that time, [the trial court] continued him." The probation officer further explained that at that time, the victim had alleged that Haddon was harassing her at her place of employment when he obtained weekend passes from the inpatient treatment program. As a result of the harassment, Haddon was kicked out of his inpatient treatment program.

{¶6} At his April 14, 2010 probation violation hearing, Haddon requested the trial court to continue his probation a second time. Haddon explained that he had found new employment where he would not have to see the victim (it appears that they had worked together, although the record is not entirely clear) and said that he had been talking to his pastor to deal with his depression and addictions.

{¶7} The trial court stated:

We've gone through this. I attempted to obtain treatment for you. That didn't work out. You've been on probation in the past in other courts repeatedly. You violated repeatedly. You've been to prison. And irrespective of your record, based upon your need for treatment, I made it available to you, and to no avail.

{¶8} The trial court found that Haddon violated the conditions of his community control supervision, and sentenced him to six years in prison. It is from this judgment that Haddon appeals.

R.C. 2929.11 and 2929.12

{¶9} Haddon argues that the trial court failed to consider the statutory purposes and principles of sentencing and the recidivism and seriousness factors set forth in R.C. 2929.11 and 2929.12.

{¶10} We do not review felony sentences under an abuse-of-discretion standard. R.C. 2953.08(G)(2). Rather, we may

> increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing if we determine that the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or] [t]hat the sentence is otherwise contrary to law.

*Id.*

{¶11} The court's only guide in this case was the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors set forth in R.C. 2929.12. R.C. 2929.11(A) provides that

> [t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶12} Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors set forth in R.C. 2929.12(B), (C), (D), and (E), including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶13} Haddon argues that the record is "absolutely devoid of any consideration whatsoever" of R.C. 2929.11 and 2929.12. For this reason, he claims that his sentence is

void, and we should therefore vacate his sentence.

{¶14} There is still no "mandate," however, for the sentencing court to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 49, citing *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 78; *State v. Putnam*, 11th Dist. Lake No. 2012-L-026, 2012-Ohio-4891, ¶ 9. Instead, the "trial court still has the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶ 49. Furthermore, "[w]e can presume from a silent record that the trial court considered the appropriate factors unless the defendant affirmatively shows that the court has failed to do so." *State v. Bohannon*, 1st Dist. Hamilton No. C-130014, 2013-Ohio-5101, ¶ 7; *State v. Parsons*, 3d Dist. Auglaize No. 2-10-27, 2011-Ohio-168, ¶ 15.

{¶15} After review, we find that Haddon has not affirmatively shown that the trial court failed to consider the principles and purpose of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. At Haddon's original sentencing hearing, the trial court warned him that it would sentence him to eight years in prison if he violated the terms of his community control sanctions. It only sentenced him to six years for violating. Moreover, at his probation violation hearing, the trial court noted how this was not the first time Haddon had violated the terms of his probation, nor was it the first time that he had been sent to prison. Indeed, the trial court noted how Haddon had "repeatedly" violated his probation in the past.

{¶16} Accordingly, we overrule Haddon's assignment of error.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE,   ADMINISTRATIVE   JUDGE

LARRY A. JONES, SR., J., and
MARY EILEEN KILBANE, J., CONCUR