[Cite as *State v. Robinson*, 2014-Ohio-1624.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100126**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTWAIIN ROBINSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569689

**BEFORE:** S. Gallagher, P.J., Kilbane, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
1370 Ontario Street
 2000 Standard Building
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kerry A. Sowul
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Antwaiin Robinson appeals his conviction for two counts of felonious assault and one count of having a weapon while under disability. For the following reasons, we affirm.

{¶2} In the early morning hours of November 10, 2012, Donzale Kilgore was shot three times in the parking lot of the Kinsman Party Center at 93rd Street and Kinsman Road in Cleveland. Both Kilgore and another witness identified appellant as the shooter and saw him shoot the gun.

{¶3} Kilgore testified that although he had been drinking prior to arriving at the parking lot, he was not intoxicated. When he first arrived outside the party center, Kilgore saw appellant, whom he knew from around the neighborhood, and heard him saying to people coming out of the club that he was going to do something to them. Commotion began, and one of Kilgore's friends was involved in a fight that was starting. Kilgore jumped out of the car he was in and went to break up the commotion. He heard a gunshot, but did not know where it was coming from.

{¶4} Kilgore testified that he started back toward the car and some individuals began trying to "jump" him. As punches were being thrown, an individual came up and shot Kilgore. Kilgore fell to the ground. When he tried to get up, the individual shot him again. Kilgore saw the gun as the shooter aimed it at him. When Kilgore asked the individual, whom he knew as Twaiin,[1] why he was shooting him, the individual did not

---

[1] We note that Antwainn Robinson was referred to as both "Twaiin" and "Tawiin" in the

respond. The individual shot Kilgore a third time and then ran away. Kilgore recognized the shooter's teardrop tattoos and identified him as appellant. Kilgore had known appellant since 2000 from the neighborhood and had not had any problems with him. Kilgore was taken to a hospital. He informed the police who shot him, gave a description of the shooter, and identified appellant from a photo array.

{¶5} Kadijaha Thompson is a friend of Kilgore's who was with him that night. Thompson testified that when they arrived at the party center, appellant and Kilgore engaged in what appeared to be a friendly conversation. She indicated that appellant told Kilgore that two of Kilgore's friends had jumped his friend and that he was going to shoot one of them. One of the persons appellant said he was going to shoot was Thompson's boyfriend. She went into the party center to tell her boyfriend, and when she came out, there was a fight by the door. She saw appellant run up, put on a hood, tie it up, run to the door, and shoot two times. As the crowd scattered, she saw Kilgore walking in the parking lot. Then, she witnessed appellant run up and shoot Kilgore. She was standing five feet away. She heard the gun that was fired multiple times and saw the gun fire. She saw Kilgore fall to the ground and say, "Tawiin, Tawiin, it's me, it's me." She indicated that the gun jammed and appellant tried to fix it, he shot again, and then he ran away. Although Thompson stated on cross-examination that she did not see the gun and could not identify it, on re-direct examination she clarified that she saw an object in appellant's hand, heard it fire, saw the flashing coming from appellant's

transcript of proceedings.

hand, and saw appellant banging the object against his hand when it jammed and trying to pull the top of the gun back. She informed the police that she saw appellant shoot into the crowd and that she saw appellant shoot Kilgore. She provided a description of appellant to the police.

{¶6} Officer Jeffrey Cox testified that he responded to the scene and called for an ambulance. He was given a description of the shooter and the name Tawiin. Detective Michael Gibbs documented the crime scene and collected 9 mm casings from the parking lot.

{¶7} Detective Timothy Toler conducted a follow-up investigation. He testified that the suspect's name was Antwaiin Robinson and that he arranged a photo array with a picture of the suspect. The photo array was shown to Kilgore by Det. Burgio, as a blind administrator, in accordance with S.B. No. 77. Det. Toler was in the hospital room when the photo array was shown to Kilgore and audiotaped the interview. He witnessed Kilgore identify appellant from the photo array. Det. Toler met with appellant after he was arrested. Appellant denied any involvement with the shooting, was evasive, and stated he was on a date that night.

{¶8} Appellant was indicted on December 14, 2012. Counts 1 and 3 charged appellant with felonious assault in violation of R.C. 2903.11(A)(1), with one- and three-year firearm specifications and a notice of prior conviction. Counts 2 and 4 charged appellant with felonious assault in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications and a notice of prior conviction. Count 5 charged

appellant with having a weapon while under disability, in violation of R.C. 2923.13(A)(2). Counts 1 and 2 were dismissed prior to the start of trial.

{¶9} Following a bench trial, the trial court found appellant guilty as charged in Counts 3, 4, and 5. The court merged Counts 3 and 4 and sentenced appellant to a total prison term of seven years with three years mandatory postrelease control. This appeal followed.

{¶10} Appellant raises two assignments of error for our review. Under his first assignment of error, appellant claims his conviction for felonious assault was against the manifest weight of the evidence.

{¶11} When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶12} Appellant references a lack of details and discrepancies in the testimony and questions the police investigation. However, there is no question that Kilgore was shot, and eyewitness testimony was provided to identify appellant as the shooter and described

his use of a gun. Both Kilgore and Thompson testified to arriving at the Kinsman Party Center, seeing appellant, witnessing the commotion outside, and witnessing appellant shooting Kilgore in the middle of the parking lot. Both testified to seeing the gun that appellant fired. Both were acquainted with appellant. Both provided a name and description of the offender to the police, and Kilgore identified appellant from a photo array. Their accounts are not as divergent as appellant would have us believe. As courts have recognized, "[e]ven where discrepancies exist, eyewitness identification testimony alone is sufficient to support a conviction so long as a reasonable juror could find the eyewitness testimony to be credible." *State v. Johnson*, 8th Dist. Cuyahoga No. 99822, 2014-Ohio-494, ¶ 52; *State v. Jordan*, 10th Dist. Franklin No. 04AP-827, 2005-Ohio-3790, ¶ 14. Further, while there may have been a lack of physical evidence and a second victim remained unidentified, this is not a case where the conviction rendered is against the manifest weight of the evidence. Appellant's first assignment of error is overruled.

{¶13} Under his second assignment of error, appellant claims the trial court erred "in admitting testimony in violation of his right of confrontation[.]" Specifically, he argues that the testimony of Det. Toler regarding the presentation of the photo array to Kilgore was hearsay and violated appellant's right to confront witnesses.

{¶14} In this case, Det. Toler testified that he prepared the photo array and that he was present in the room and observed Kilgore identify appellant from the photo array. This identification testimony was hearsay. *See State v. Ricks*, 136 Ohio St.3d 356,

2013-Ohio-3712, 995 N.E.2d 1181. However, its admission was harmless in light of the other identification testimony in the case.

{¶15} Additionally, we do not find that appellant's rights under the Confrontation Clause were violated. This court has previously recognized that a photo identification made in the course of a police investigation, when there was no emergency, is testimonial and, thus, subject to the Confrontation Clause. *State v. Ray*, 189 Ohio App.3d 292, 2010-Ohio-2348, 938 N.E.2d 378, ¶ 36 (8th Dist.). In this case, Kilgore testified to what happened when he was provided the photo array and that the person he identified was appellant. His testimony was subject to cross-examination.

{¶16} Although Det. Burgio did not testify, no objection was raised as to the presentation of the photo array, and we are unable to find plain error. Further, even if defendant's right to confrontation was implicated, any error would have been rendered harmless. "[V]iolations of the Confrontation Clause, even if preserved for appellate review, are subject to a harmless-error analysis." *State v. Cowins*, 1st Dist. Hamilton No. C-120191, 2013-Ohio-277, ¶ 9. A Confrontation Clause error is rendered harmless beyond a reasonable doubt when the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt. *Id.*

{¶17} In this case, both Kilgore and Thompson were eyewitnesses to the shooting. They provided a description of appellant and a name to police, and identified appellant in court as the person who shot Kilgore. Thus, the identification from the photo array

was cumulative evidence. Also, because the present case was a bench trial, we presume that the trial court considered only relevant and admissible evidence. *Id*. at ¶ 27.

**{¶18}** Appellant's second assignment of error is overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MELODY J. STEWART, J., CONCUR