[Cite as *State v. Dillard*, 2012-Ohio-4018.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120058 |
| | | TRIAL NO. B-1106611 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| ANTWAN DILLARD, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |
| | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 5, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christine Y. Jones*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant Antwan Dillard appeals the judgment of the Hamilton County Court of Common Pleas finding him guilty, after a bench trial, of two counts of felonious assault, accompanied by firearm specifications, and having a weapon while under a disability.   The trial court sentenced Dillard to 13 years' imprisonment and also imposed court costs.

{¶2}   Dillard's convictions arose from a drive-by shooting incident that occurred on Livingston Street in Cincinnati.   Two victims were involved in the incident: a male victim who was grazed by a bullet and a female victim who was not injured.  The female victim identified Robert White as the shooter during a call to a 911 operator following the shooting, and she later identified Dillard as the driver of the car during an interview with a police officer.   The male victim was unable to identify either the driver or the passenger who had fired the shots and was unable to identify White or Dillard in a police photo array.   No physical evidence was found at the scene.

{¶3}   At trial, the defense attorney attacked the credibility of the female victim.  The female victim admitted in her trial testimony that she had lied about her name during the 911 call because she had a warrant out for her arrest.   She also admitted that she had an earlier criminal conviction stemming from an incident where she had lied to police.  Moreover, the female victim had served prison time for assault after shooting into the home of Dillard and his mother, and in the days before the drive-by shooting, the female victim's sister had allegedly shot and killed a friend of Dillard and White.

*Sufficiency and Weight of the Evidence*

{¶4}     In his first and second assignments of error, Dillard contends that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.  In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.  In a challenge to the weight of the evidence, we must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶5}     Dillard's main argument attacking his convictions goes to the credibility of the female victim.  In evaluating witness testimony, credibility is primarily for the trier of fact.  *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 116; *State v. Williams*, 1st Dist. Nos. C-060631 and C-060668, 2007-Ohio-5577, ¶ 45.  Therefore, after viewing the evidence in the light most favorable to the prosecution, we determine that a rational trier of fact could have found all the essential elements of felonious assault and having a weapon while under a disability beyond a reasonable doubt.  Further, we cannot determine that the trial court clearly lost its way and created a manifest miscarriage of justice in finding Dillard guilty.

{¶6}     We overrule Dillard's first and second assignments of error.

3

*Community-Service Notification*

{¶7}    In his third assignment of error, Dillard contends that the trial court erred by imposing court costs on him without notifying him that he could be ordered to perform community service if he fails to pay the costs.  Under R.C. 2947.23(A)(1), if a court imposes court costs on a defendant as part of the judgment, then the court must notify the defendant of the following upon imposing a sentence:

> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.  (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶8}    The Ohio Supreme Court recently held that a trial court's failure to notify a defendant of the possibility of court-ordered community service in lieu of paying costs, as required by R.C. 2947.23(A)(1), is ripe for review on direct appeal from the underlying sentence.  *See State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423.  Since the court's decision in *Smith*, the Ninth Appellate

District has determined that if a trial court fails to comply with the community-service notification under R.C. 2947.23(A)(1) when imposing court costs, the proper remedy is to vacate the imposition of costs and remand the case for proper notification as set forth in the statute. *See State v. Debruce*, 9th Dist. No. 25574, 2012-Ohio-454, ¶ 38; *but see State v. Henderson*, 2d Dist. No 24701, 2012-Ohio-3283 (holding that the proper remedy for a trial court's failure to notify a defendant of the possibility of court-ordered community service in lieu of court costs is to eliminate the possibility of court-ordered community service altogether). In reaching its conclusion, the Ninth District reasoned that the imposition of court costs arises from the concept of implied contract, and thus removing a trial court's authority to order community service if a defendant fails to pay those costs would not further the interests of justice. *Debruce* at ¶ 38. We adopt the reasoning of the Ninth District and conclude that the proper remedy for a trial court's failure to comply with R.C. 2947.23(A)(1) when imposing costs is to vacate the imposition of costs and remand the case for proper community-service notification.

{¶9} The trial court imposed court costs on Dillard without notifying him of the possibility of community service in lieu of paying costs. Therefore, Dillard's third assignment of error is sustained to the extent that we vacate that portion of the trial court's judgment imposing court costs, and we remand the matter to the trial court to properly notify Dillard as required under R.C. 2947.23(A)(1) in conjunction with the imposition of costs.

{¶10} The remainder of the judgment of the trial court is affirmed.

Affirmed in part, reversed in part, and cause remanded.

**SUNDERMANN, P.J.** and **CUNNINGHAM, J.,** concur.

5

**Please note:**

  The court has recorded its own entry on the date of the release of this opinion.