[Cite as *State v. Leonard*, 2014-Ohio-3828.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-130474 |
| | | TRIAL NO. B-1302836 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| GREGORY ALLEN LEONARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 5, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1} Defendant-appellant Gregory Allen Leonard appeals from the judgment of the Hamilton County Court of Common Pleas convicting him, after a guilty plea, of trafficking in marijuana, in violation of R.C. 2925.03(A)(2). For the reasons that follow, we affirm.

### Background Facts

{¶2} Leonard was arrested on drug charges after the police during a traffic stop found a bag containing 460 grams of marijuana on the front-passenger seat of Leonard's car. He was later indicted on a fourth-degree-felony offense of trafficking in marijuana and a fifth-degree-felony offense of possession of marijuana. Defense counsel moved for discovery and asked for a bill of particulars.

{¶3} Leonard then pleaded guilty to the trafficking offense. Prior to accepting Leonard's plea, the trial court addressed Leonard to ascertain whether his plea was made voluntarily, intelligently, and with knowledge of its consequences. As part of the Crim.R. 11 plea colloquy, the court explained to Leonard that he was facing a maximum penalty of 18 months in prison or five years of community control instead of prison.

{¶4} The trial court thereafter accepted Leonard's plea and, upon the prosecutor's recitation of the facts, found him guilty as charged on the trafficking offense, and dismissed the possession offense. Before imposing sentence, the court ordered a presentence investigation ("PSI"), which required Leonard to meet with a representative from the adult probation department. Leonard appeared for his PSI interview after the conclusion of the plea hearing, but he left the interview after becoming ornery. The PSI indicated that Leonard had already provided a DNA sample to law enforcement.

{¶5} About a month later, on the day before the scheduled sentencing hearing, Leonard filed a pro se motion to withdraw his plea under Crim.R. 32.1. Leonard did not include any reason for the withdrawal in the motion. At the sentencing hearing, defense counsel informed the court of the motion, and the court deferred sentencing to hear the motion.

{¶6} To that end, Leonard told the court that he had filed the motion because he was confused by the process of the presentence investigation because he thought that he had already been sentenced to "one year of nonreporting probation." The trial court reminded Leonard, apparently to Leonard's satisfaction, that the process of the presentence investigation had been explained to him at the plea hearing and that he had not been promised one year of nonreporting community control in court.

{¶7} The court then asked Leonard if he was guilty of the offense. Leonard stated, "well, I'm not a trafficker." The court confirmed that there was an adequate factual basis of the trafficking charge and concluded that Leonard did not want to accept "reality." The trial court found that Leonard had been represented by "highly competent" counsel and that he had understood the nature of the charges and the possible penalties. The court also found that the granting of the motion would result in prejudice to the state. However, the state did not claim prejudice and the court did not identify a basis for its finding of prejudice.

{¶8} The trial court then overruled the motion and imposed a sentence of one year of community control, with the conditions of monthly drug testing and 40 hours of community service. The court also imposed court costs. Leonard now appeals from his judgment of conviction, raising three assignments of errors.

### *Notification of Maximum Potential Penalties*

{¶9} In his second assignment of error, which we address first, Leonard argues that the trial court erred by accepting a plea that was not knowingly,

3

voluntarily, and intelligently entered. Leonard contends that the trial court failed to orally inform him of the maximum possible penalties that he faced, as required by Crim.R. 11.

{¶10}  Crim.R. 11(C) sets forth the steps the trial court must follow before accepting a plea of guilty in a felony case. *See State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 28.  Pursuant to that "framework," the court must inform the defendant of the constitutional rights he is waiving and of several nonconstitutionally-based matters, including the " 'maximum penalty' " involved, to ensure that the plea is entered voluntarily, intelligently, and with knowledge of its consequences. *Id.* at ¶ 28-29.

{¶11} Leonard argues that the trial court failed to notify him of the maximum penalty involved, because the court failed to tell him that he would be required to provide a DNA sample and that if he failed to do so he could be sanctioned.

{¶12}  We assume that Leonard's argument pertains to R.C. 2901.07, Ohio's DNA collection law, which required Leonard to provide a DNA sample to law enforcement that would be added to Ohio's DNA database.  For an offender such as Leonard, who was arrested for a felony after July 1, 2011, this obligation arose upon his arrest for this felony, *see* R.C. 2901.07(B)(1)(a), and was a continuing one.  R.C. 2901.07(B)(2) through (5).

{¶13}  Because Leonard was placed on community control, the statute would require Leonard to provide a DNA specimen as a condition of community control if he had not already provided one when he was arrested.  R.C. 2901.07(B)(4)(a). Leonard's failure to comply with this condition would have been a violation of his community control and could have led to imprisonment.

{¶14}  We reject Leonard's argument, without examining whether Crim.R. 11 mandates that the trial court inform a defendant of the potential sanctions for failing

4

to comply with R.C. 2901.07, because the record demonstrates that Leonard had already complied with the requirement of R.C. 2901.07 at the time he entered his plea. Therefore, Leonard was not subject to the future sanction that he claims the court was required to orally inform him of at the plea hearing.

{¶15} Leonard also suggests that the trial court's failure to provide him notice of the possible immigration-related consequences of his plea, as set forth in R.C. 2943.031(A), rendered his plea defective.

{¶16} R.C. 2943.031(A) does require the trial court to advise a defendant at the plea hearing of the possible deportation consequences of his guilty plea, and the failure to provide the warning of those collateral consequences may render the plea defective under a Crim.R. 11 analysis, if the defendant is not a citizen of the United States. *See Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355. But the notification set forth in R.C. 2943.031(A) is not required under certain circumstances, including when the defendant enters a plea of guilty on a written form and provides an affirmative response on the form in response to the question of whether he is citizen of the United States. R.C. 2943.031(B).

{¶17} In this case, Leonard indicated on the plea form that he was a citizen of the United States. Therefore, the trial court was not required to provide the warning set forth in R.C. 2943.031(A), and Leonard has not demonstrated that his plea was defective on this ground.

{¶18} We conclude, as the trial court did, that Leonard's plea was voluntary, intelligent, and with knowledge of its consequences. Accordingly, we overrule the second assignment of error.

### Denial of Presentence Motion to Withdraw Plea

{¶19} In his first assignment of error, Leonard contends that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea.

5

{¶20} The Ohio Supreme Court has held that a trial court should "freely and liberally grant" a presentence motion to withdraw a guilty plea, where the defendant has supplied the court with a "reasonable and legitimate basis" for the withdrawal. *State v. Xie*, 62 Ohio St.3d 521, 526-527, 584 N.E.2d 715 (1992). A defendant, however, has no absolute right to withdraw a guilty plea before sentencing. *Id.* at paragraph one of the syllabus.

{¶21} We will not reverse a trial court's denial of a presentence motion to withdraw a plea absent a showing of an abuse of discretion, meaning that the trial court's decision was unreasonable, arbitrary or unconscionable. *See id.* at paragraph two of the syllabus; *State v. Calloway*, 1st Dist. Hamilton No. C-040066, 2004-Ohio-5613, ¶ 11.

{¶22} In determining whether the trial court abused its discretion, we review the record in light of certain *Fish* factors that we have identified in our previous decisions. *See Calloway* at ¶ 12, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). These factors include: (1) whether the accused was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the court conducted a full and impartial hearing on the motion, at which time the trial court gave full and fair consideration to the motion; (4) whether the motion was made within a reasonable time; (5) whether the motion set forth specific reasons for the withdrawal; (6) whether the defendant understood the nature of the charges and the possible penalties; (7) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (8) whether the state would have been prejudiced by the withdrawal.

{¶23} Leonard argues that it was an abuse of discretion to deny his motion because he had proclaimed his innocence and the record does not demonstrate that the state would have been prejudiced by his withdrawal.

6

{¶24} Based on this record, we cannot conclude that the trial court abused its discretion in denying Leonard's motion to withdraw his guilty plea. As the trial court noted, when Leonard entered his guilty plea, he was represented by an experienced attorney. The trial court provided Leonard a complete Crim.R. 11 hearing before accepting his plea, which resulted in a colloquy that was more than sufficient to ensure that Leonard had entered his guilty plea voluntarily, intelligently, and knowingly.

{¶25} In his written motion, which was not filed until the day before the sentencing hearing, Leonard did not identify a reason to withdraw the plea. Notwithstanding this deficiency, the trial court afforded Leonard a full and impartial hearing on the motion to withdraw and fully considered Leonard's arguments presented at the hearing in support of the motion.

{¶26} Leonard's purported claim of innocence was limited to his ambiguous comment at the hearing on the motion to withdraw that he was "not a trafficker." But at the plea hearing, Leonard did not challenge the state's recitation of the facts or insinuate that he had any defenses. Instead, he acknowledged to the court that by pleading guilty, he was "mak[ing] a complete admission of [his] guilt."

{¶27} Further, while the state when reciting the factual allegations of the offense at the plea hearing did not present many specific facts to demonstrate that Leonard was trafficking the drugs, as opposed to possessing them for personal use, the PSI report included the arresting officer's statement that there was evidence of trafficking. Ultimately, there is nothing in the record to indicate that Leonard had pleaded guilty to a crime he did not commit.

{¶28} Admittedly, as Leonard suggests, the record does not support the trial court's determination that the state would be prejudiced if the court had set aside his plea. Prejudice to the state in this context is usually tied to passage of time, which can result in stale evidence and unavailable witnesses. *See State v. Preston*, 2d Dist.

7

Montgomery No. 25393, 2013-Ohio-4404, ¶ 31; *State v. Jefferson*, 1st Dist. Hamilton No. C-020802, 2003-Ohio-4308, ¶ 9. The record in this case does not demonstrate any prejudicial passage of time. Leonard moved to vacate his plea less than a month after the plea hearing and less than two months after his indictment, and the state did not indicate that any witness had become unavailable.

{¶29} But prejudice to the state was only one factor for the court to consider. And in this case, where the other factors weighed against the granting of the motion, we cannot say that the trial court abused its discretion in denying Leonard's motion. *Calloway,* 1st Dist. Hamilton No. C-040066, 2004-Ohio-5613, at ¶ 17.

{¶30} Leonard also claims under the first assignment of error that he was denied the effective assistance of counsel because defense counsel did not file the motion to withdraw the plea and advocate the merits of it. To prevail on his claim that trial counsel was ineffective, Leonard must demonstrate that trial counsel's performance was deficient and that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989).

{¶31} With respect to prejudice, the defendant must show there is a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. *Strickland* at 694. "A defendant's failure to satisfy" the prejudice prong of the Strickland test "negates a court's need to consider" the deficiency prong. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

{¶32} In this case, the trial court accepted Leonard's pro se motion, fully considered his arguments in support of the motion, and ultimately denied it, despite counsel's alleged deficiencies with respect to the motion. Thus, Leonard has failed to show that he was prejudiced by counsel's performance. As a result, his ineffective assistance of counsel claim lacks merit.

{¶33} Accordingly, we overrule the first assignment of error.

### R.C. 2947.23(A)(1)'s Community-Service Notification

{¶34} In his third assignment of error, Leonard argues that the trial court erred by failing to notify him at the sentencing hearing that he could be ordered to perform community service if he failed to pay his court costs.

{¶35} R.C. 2947.23(A)(1) provides that if a court imposes court costs on a defendant as a part of the judgment, and the court imposes "a community control sanction or other nonresidential sanction," the court must notify the defendant that in the event "the defendant fails to pay that judgment or fails to timely make payments towards that judgment under an approved payment plan," the court can order the defendant to perform community service, which will be credited to the defendant's obligation under the judgment. R.C. 2947.23(A)(1)(a)(i)and (ii).

{¶36} In this case, the trial court imposed community control but did not notify Leonard, in accordance with R.C. 2947.23(A)(1)(a), that the court could order him to perform community service if he failed to pay or to make timely payments.

{¶37} Leonard contends that due to this failure, this court must remand the case to the trial court for the proper notification, consistent with prior case law interpreting a former version of the statute. *See State v. Dillard*, 1st Dist. Hamilton No. C-120058, 2012-Ohio-4018. But Leonard was sentenced under the current version of the statute, which provides that the trial court's failure to provide the notification set forth in R.C. 2947.23(A)(1) "does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment * * * or to timely make payments toward that judgment under an approved payment plan." R.C. 2947.23(A)(1).

{¶38} In light of the new language in the statute, we decline to remand the case for the notification. *See State v. Brown*, 12th Dist. Butler No. CA2013-03-043,

9

2014-Ohio-1317, ¶ 31, citing *State v. Huntsman*, 7th Dist. Monroe No. 13MO6, 2014-Ohio-440, ¶ 14.  The assignment of error is overruled.

### Conclusion

{¶39}  The judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.